```
            UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF VIRGINIA
                   Newport News Division
```

UNITED STATES OF AMERICA

v.                                      ACTION NO. 4:05CR38

TONY JULIUS STEPHENSON, SR.,

       Defendant.

<u>O R D E R</u>

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  The Court concludes that the following facts require the detention of the defendant pending trial in this case.

There is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 846.

The defendant has not rebutted the presumption established by the above finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

The Court FINDS that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that the defendant actively participated in a business of distributing cocaine base over a period of years with his two sons.

The evidence appears to be strong against this defendant.

The defendant is married and his wife testified in court, as well as his pastor's wife. He has lived at his current address since 2000 and is a lifelong resident of the Hampton and Newport News community. He has been self-employed as a painting contractor since 2003 and was previously employed as a painter with Davis Boat Works from 1995 until 2003 until he was laid off. The defendant makes about $1200/month net from his business.

The defendant first tried marijuana at the age of 15 or 16 and used it from the age of 26 until 36. The defendant used crack cocaine weekly from age 26 to 36. The defendant is 45 years of age.

The defendant's misdemeanor criminal record begins in 1992 with concealed weapon and larceny convictions. Also in 1992 he was convicted in U.S. District Court of trespassing. He was convicted in 1996 of domestic assault and received 90 days in jail. In 1995 he was convicted of concealing merchandise and assault. In 1996 he was sentenced to 30 days in jail for a domestic assault charge. Also in 1996 he was sentenced to 12 months in jail suspended on concealment of merchandise. In 1997 he was found guilty of failing to obey a court order. Also in 1997 he was found guilty of his only felony conviction for larceny. He was released from probation in 1998.

The Court FINDS that because of his interrelationship with the two co-defendants in this case and his prior record of violence

(assaults) as well as a felony conviction, that the defendant is a risk of flight and a danger to the community.

The Court FINDS that because of the substantial possible penalties that this defendant faces in this case and the strength of the evidence against him that there is a strong likelihood that the defendant will not appear for trial under any conditions of release.  The Court further FINDS that the defendant is a danger to the community by his continuous and continuing drug dealing and should be detained pending the trial of this case.  <u>See</u> <u>United States v. Williams</u>, 753 F.2d 329 (4th Cir. 1985).

There is a serious risk that the defendant will not appear.

There is a serious risk that the defendant will endanger the safety of another person or the community.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this Order to the United States Attorney at Norfolk, to the United States Marshal at Norfolk, to the United States Pretrial Services Office at Norfolk, and to counsel of record for the defendant.

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia

April 19, 2005